UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT COVINGTON, KENTUCKY

| | |
|---|---|
| MICHAEL A. HAGEDORN, ) | JURY TRIAL DEMANDED |
| Plaintiff, ) | |
| vs. ) | CIVIL ACTION NO. |
| CSX TRANSPORTATION, INC., ) a corporation, ) | _____ |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Michael A. Hagedorn, plaintiff in this action, and files his complaint for damages against defendant as follows:

## PARTIES, JURISDICTION AND VENUE

1. This is a Federal Employers' Liability Act case brought pursuant to Title 45 U.S.C., Section 51, et. seq. Jurisdiction and venue are based on Title 45, U.S.C., Section 56, venue is proper, and it may be served with Summons and Complaint as allowed by law. The plaintiff's residence is in Fort Mitchell, Kentucky.

2. The defendant, CSX Transportation, Inc., is a common carrier by railroad engaged in the business of operating a railroad in interstate commerce for hire for the purpose of carrying freight in interstate commerce.

3. The plaintiff, at all times referred to herein, was an employee of the defendant acting within the line and scope of his employment for the defendant. The plaintiff's duties of employment for the defendant were in furtherance of interstate commerce or directly or closely and substantially affected such interstate commerce.

## FACTS

4. The plaintiff avers that heretofore on, to-wit, June 20, 2005, he was employed as a locomotive engineer by the defendant, CSX Transportation, Inc., a corporation, at its Queensgate Railroad Yard in Cincinnati, Ohio.

5. Plaintiff further avers that while operating a locomotive engine, he was ordered by his conductor, to shove cars south into a clear track, ramp track #5.

6. Instead of being switched into track #5, the clear track, the plaintiff's locomotive engine and cars were switched into ramp track #4, which was occupied by railroad freight cars at the time.

7. The cars being shoved by the plaintiff's locomotive engine collided with the cars in ramp track #4 with such severity that the locomotive engine seat being occupied by the plaintiff slammed against the wall and stripped the metal undercarriage gears of the seat into many pieces which gathered around the

plaintiff's face after he was knocked out of the seat.

8. The plaintiff was injured and damaged as follows by the collision: His musculoskeletal system was injured and damaged and was permanently injured and permanently damaged; his nervous and emotional system was injured and damaged and was permanently injured and permanently damaged; his circulatory system was elevated and injured; he was caused to wear various braces and casts for long periods of time; he was caused to undergo traction for long periods of time; he was caused to undergo psychological counseling and therapy and medication for anxiety for a period of time; he suffered great pain, mental anguish and suffering and he will suffer pain, mental anguish and suffering in the future; he was caused to incur financial obligations to doctors, hospitals and therapists for the treatment of his said injuries; he was caused to lose wages from his employment for a long period of time and his power and capacity to earn money in the future was permanently impaired; and he was otherwise injured.

## RAILROAD LIABILITY

9. The defendant railroad company was guilty of negligence which caused, in whole or in part, the plaintiff's aforesaid injuries. That negligence included:

 (a) The defendant negligently switched the plaintiff's train into occupied

      track #4 rather than open track #5.

 (b) The defendant negligently failed to use reasonable care to provide the plaintiff with a reasonably safe place to work.

 10. The defendant was also guilty of a statutory violation in connection with a broken seat, 49 <u>Code of Federal Regulations</u>, Section 229.110(a), which contributed, in whole or in part, to the plaintiff's aforesaid injuries and damages. Violation of this regulation is absolute liability. See <u>Kernan v. American Dredging Co.,</u> 355 U.S. 426, 438, 439, 450, 451 (1958).

## DAMAGES

 11. Plaintiff avers that as a result, in whole or in part, of the defendant's negligence, he has suffered and seeks to recover for the following special injuries and damages:

 A. Past lost wages and benefits;

 B. Future lost wages and benefits;

 C. Permanent impairment of his ability to earn a living;

 D. Past medical expenses; and

 E. Future medical expenses.

 F. Future medical insurance.

 12. Plaintiff avers that as a result, in whole or in part, of the defendant's negligence, he has suffered and seeks to recover for the following general

injuries and damages:

    A.    Past physical pain and mental anguish;

    B.    Future physical pain and mental anguish;

    C.    ~~Permanent physical disability; and~~

    D.    Inability to carry out and enjoy the usual and normal activities of life.

13.    The plaintiff seeks to recover a sum that will fully and fairly compensate him for his special and general damages. Because of the severity of his injuries, the plaintiff claims fair compensation in excess of the jurisdictional amount of this Court and in an amount to be set by a jury of his peers.

## JURY DEMAND

14.    Plaintiff demands trial by jury.

WHEREFORE, the plaintiff prays for a trial by jury, that summons issue, that judgment be entered in favor of him and against the defendant and that the following relief be granted:

    A.    That the plaintiff be awarded special and general damages in an amount to fully and fairly compensate him for his injuries;

    B.    That the cost of this action be assessed against the defendant; and

    C.    That this Court grant such other and further relief as it deems just and proper.

                                Respectfully submitted,

By: s/ Lucinda C. Shirooni
Taliaferro, Shirooni, Carran
& Keys, PLLC
1005 Madison Avenue
Covington, KY 41011-3113
Telephone: 859-291-9900
E-Mail: cshirooni@tmsck.com

FRANK O. BURGE, JR.
Burge & Burge
850 Park Place Tower
Birmingham, AL 35203
Telephone: 205-251-9000
E-Mail: BS@Burge-law.com

PLAINTIFF'S ADDRESS:
Post Office Box 17573
Ft. Mitchell, KY 41017

DEFENDANT'S ADDRESS:
CSX TRANSPORTATION, INC.
c/o its agent for service of process
CSX-LAWYERS INCORPORATING
SERVICE COMPANY
421 West Main Street
Frankfort, KY 40601